SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT

------------------------------------------------------------X

In the Matter Of the Application for an Order Authorizing: the continued attachment, installation, and use of a pen : register and trap and trace (Caller ID) device on the : cellular telephone line and instrument currently assigned: telephone number (914) 443-8182, with electronic serial: number 17904462477, subscribed in the name of Anthony: Colombo and biUed to Philip Dioguardi at 2 East Main : Street, Number 4, Town of Middletown, County of : Orange, State of NewY ork; :

------------------------------------------------------------X

**AND :** In the Matter Of the Application for an Order Authorizing: the continued attachment, instalJation, and use of a pen : register and trap and trace (CaBer ID) device on the : telephone line and instrument currently assigned telephone: number (914) 496-6506, listed to Lucille Colombo and : located at 51 Horton Road, Town ofWashingtonville, : County of Orange, State of New York; :

------------------------------------------------------------X

AND : In the Matter Of the Application for an Order Authorizing: the continued attachment, installation, and use of a pen : register and trap and trace (Caller ill) device on the : telephone line and instrument currently assigned telephone: number (914) 496-8201, listed to Anthony Colombo and: located at 25 Horton Road, Town of Blooming Grove, : County of Orange, State of New York; :

------------------------------------------------------------X

AND :

In the Matter Of the Application for an Order Authorizing; the continued attachment, installation, and use of a pen : register and trap and trace (Caller ID) device on the ; telephone line and instrument currently assigned telephone; number (914) 343-3313, listed to Philip Dioguardi and : located at 2 East Main Street, Number 4, Town of : Middletown, County of Orange, State of New York; :

------------------------------------------------------------X

APPLICA nON FOR
A PEN REGISTER
AND TRAP AND
TRACE (CALLER m)
ORDER AND
EXTENSION
ORDER

**AND  :** In the Matter Of the Application for an Order Authorizing: the continued attachment, installation, and use of a pen: register and trap and trace (Caller ill) device on the : telephone line and instrument currently assigned telephone: number (914) 473-2900, listed to Broad Options The : Gold Depot located at 1 Collegeview Avenue, : Poughkeepsie, County of Dutchess, State of New York. :

---------------------------------------------------------------X

STATE OF NEW YORK **)**

 :  SS.:

**COUNTY OF WESTCHESTER)**

MERYL A. LUTSKY, being duly sworn, deposes and says:

1. I submit this application for an order authorizing the use and continued use of pen registers and trap and trace (Caller 10) devices on the above-listed telephone lines and instruments currently assigned the following telephone numbers: (914) 443-8182, bearing electronic serial number 17904462477, subscribed in the name of Anthony Colombo and billed to Philip Dioguardi at 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York; (914) 496-6506, listed to Lucille Colombo and located at 51 Horton Road, Town of Washingtonville, County of Orange, State of New York; (914) 496-8201, listed to Anthony Colombo and located at 25 Horton Road, Town of Blooming Grove, County of Orange, State of New York; (914) 343-3313, listed to Philip Dioguardi and located at 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York; and (914) 473-2900, listed to Broad Options The Gold Depot, located at I Collegeview Avenue, Poughkeepsie, County of Dutchess, State of New York; as an applicant authorized by law to conduct an investigation of or to prosecute or participate in the prosecution ofthe within named designated crimes which are the subject ()fthis application. I am an Assistant Deputy Attorney General in the Office of the New York State Organized Crime Task

or

Force. As such, I am qualified as an applicant under Criminal Procedure Law Section 705.00[3]. The New York State Organized Crime Task Force is a qualified law enforcement agency under Criminal Procedure Law Section 705.00[4].

2. The New York State Organized Crime Task Force is presently conducting an investigation described immediately below. This application and the facts stated herein are based upon information and belief, the sources of this information and basis for this belief are conversations I have had with Investigator Joseph McCabe, Shield Number 3675, of the New York State Police Special Investigations Unit, throughout this investigation, and on other sources as specified below.

3. There is reasonable suspicion that the crimes of Promoting Gambling in the First and Second Degrees; Possession of Gambling Records in the First and Second Degrees; Criminal Usury

in the Second Degree; and Conspiracy to commit these crimes, in violation of Articles 225,190, and 105 of the Penal Law of the State of New York, designated crimes pursuant to Criminal Procedure Law Section 705.00[5], have been committed, are being committed, or are about to be committed, and that information likely to be obtained by the use and continued use of the above-mentioned pen registers and trap and trace (Caner 10) devices on the above-captioned telephone lines and instruments will be relevant to the ongoing criminal investigation of said designated crimes.

4. The telephone lines and instruments to which the pen registers and trap and trace (Caller ID) devices are to continue to be attached currently bear the following telephone numbers: (914) 443-8182, bearing electronic serial number 17904462477, subscribed in the name of Anthony Colombo and billed to Philip Dioguardi at 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York; (914) 496-6506, listed to Lucille Colombo and located at 51 Horton Road, Town ofWashingtonville, County of Orange, State of New York; (914) 496-8201,

listed to Anthony Colombo and located at 25 Horton Road, Town of Blooming Grove, County of Orange, State of New York; (914) 343-3313, listed to Philip Dioguardi and located at 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York; and (914) 473-2900,

listed to Broad Options The Gold Depot, located at 1 Collegeview Avenue, Poughkeepsie, County of Dutchess, State of New York.

5. The subjects of the above-mentioned criminal investigation include Christopher Colombo, Anthony Colombo, Philip Dioguardi, John Ferrara, Anthony DeFranco, Eddie Robinson, Bobby LNU, Patty LNU, Frankie LNU, Anthony "Ants" Sedia, Joseph Flaccavento, and their agents, accomplices, co-conspirators, and others as yet unknown.

6. Based upon the facts developed during this investigation, on May 1, 2000, the Honorable Daniel W. Joy, Justice of the Supreme Court of the State of New York, Appellate Division, Second Department, issued an Order for Pen Registers and Trap and Trace Devices authorizing the installation and use of pen registers and trap and trace devices (Caller ID) on the telephone lines and instruments assigned the following telephone numbers: (914) 443-8182, bearing electronic serial number 17904462477, subscribed in the name of Anthony Colombo and billed in the name of Philip Dioguardi, 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York; (914) 496-6506, subscribed in the name of Lucille Colombo and located at 51 Horton Road, Town ofWashingtonville, County of Grange, State of New York; (914) 496- 8201, subscribed in the name of Anthony Colombo and located at 25 Horton Road, Town of Blooming Grove, County of Grange, State of New York; (914) 343-3313, subscribed in the name of Philip Dioguardi and located at 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York; and (917) 560-0397, bearing electronic serial number 316010009486930, subscribed in the name ofJefl!ey Rosen, 1444 11th Street, Fort Lee, New Jersey.

Justice Joy's Orders, and the affidavits submitted in support thereof, are on file with the Court and is incorporated herein by reference and made part of this application.

7. Furthennore, on June 15, 2000, the Honorable Eugene Nardelli, Justice of the Supreme Court of the State of New Yark, Appellate Division, First Department, issued an Order for a Pen Register and Trap and Trace Device authorizing the installation and use of a pen register and trap and trace device (Caller I.D.) on the telephone line and instrument assigned telephone number (212) 410-7444, subscribed in the name of Theresa Fen-ara and located at 420 East 115th Street, 3rd floor, apartment 3, County of New York, State of New York. Justice NardeI1i's Orders, and the affidavits submitted in support thereof, are on file with the Court and is incorporated herein by reference and made part of this application.

8. On June 29, 2000, the Honorable Sondra Milter, Justice of the Supreme Court of the State of New York, Appellate Division, Second Department, issued an Order Extending the use of Pen Registers and Trap and Trace Devices on the telephone lines and instruments assigned the following telephone numbers: (914) 443-8182, bearing electronic serial number 17904462477, subscribed in the name of Anthony Colombo and billed in the name of Philip Dioguardi, 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York; (914) 496-6506, subscribed in the name of Lucille Colombo and located at 51 Horton Road, Town of Washingtonville, County of Orange, State of New York; (914) 496-8201, subscribed in the name of Anthony Colombo and located at 25 Horton Road, Town of Blooming Grove, County of Orange, State of New York; and (914) 343-3313, subscribed in the name of Philip Dioguardi and located at 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York. Justice Miller's Orders, and the affidavits submitted in support thereof, are on file with the Court and is incorporated herein by reference and made part of this application.

9. On August 9, 2000, the Honorable Daniel Luciano, Justice of the Appellate Division, Second Department, signed an Eavesdropping WalTant authorizing the interception of certain telephonic and electronic communications occurring over the telephone lines and instruments cutTently assigned the following telephone numbers; (914) 443-8182, bearing electronic serial number 17904462477, subscribed in the name of Anthony Colombo and billed to Philip Dioguardi at 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York (the "Dioguardi cell phone"); (914) 496-6506, listed to Lucille Colombo and located at 51 Horton Road, Town ofWashingtonville, County of Orange, State of New York (the "Christopher Colombo home phone"); (914) 496-8201, listed to Anthony Colombo and located at 2S Horton Road, Town of Blooming Grove, County of Orange, State of New York (the "Anthony Colombo home phone"); and (914) 343-3313, listed to Philip Dioguardi and located at 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York (the "Dioguardi home phone"). That Order was based upon the application of George B. Quinlan, Deputy Attorney General-In-Charge of the Organized Crime Task Force, sworn to on August 8, 2000. This application and the affidavits submitted in support thereof, along with Justice Luciano's Orders, is on file with the Court and is incorporated herein by reference and made part of this application.

10. Additionally, on August 9, 2000, the Honorable David Friedman, Justice of the Appellate Division, First Department, signed an Eavesdropping Warrant authorizing the interception of certain telephonic and electronic communications occurring over the telephone line and instrument currently assigned telephone number (212) 410-7444, listed to Theresa Ferrara and located at 420 East 115th Street, 3rd floor, apartment 3, County of New York, State of New York (the "Ferrara home phone"). That Order was based upon the application of George B. Quinlan, Deputy Attorney General-In-Charge of the Organized Crime Task Force, sworn to on August 8,

T

2000. This application and the affidavits submitted in support thereof, along with Justice Friedman's Orders, is on file with the Court and is incorporated herein by reference and made part of this application. Moreover, this application and the affidavits in support thereof, was predicated upon the same facts as the Eavesdropping Warrant detailed in paragraph 9, above.

11. On August 11, 2000, the Honorable David Friedman, Justice of the Appellate Division, First Department, signed an Order granting the continued attachment, installation, and use of a pen register and trap and trace (Caller 10) device on the telephone line and instrument currently assigned telephone number (212) 410-7444. Justice Friedman's Orders, and the affidavits submitted in support thereof, are on file with the Court and is incorporated herein by reference and made part of this application.

12. On August 25, 2000, the Honorable Howard Miller, Justice of the Appellate Division, Second Department, signed an Order granting the continued attachment, installation, and use of pen registers and trap and trace (Caller 10) devices on the telephone lines and instruments assigned the following telephone numbers: (914) 443-8182, bearing electronic serial number 17904462477, subscribed in the name of Anthony Colombo and billed in the name of Philip Dioguardi, 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York; (914) 496-6506, subscribed in the name of Lucille Colombo and located at 51 Horton Road, Town of Washingtonville, County of Orange, State of New York; (914) 496-8201, subscribed in the name of Anthony Colombo and located at 25 Horton Road, Town of Blooming Grove, County of Orange, State of New York; and (914) 343-3313, subscribed in the name of Philip Dioguardi and located at 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York. Justice Miller's Orders, and the affidavits submitted in support thereof, are on file with the Court and is

incorporated herein by reference and made part of this application.

T

13. On September 7, 2000, the Honorable Eugene Nardelli, Justice *of* the Appellate Division, First Department, signed an Extended Eavesdropping WaITant authorizing the continued interception of certain telephonic and electronic communications occurring over the telephone line and instrument cUITently assigned telephone number (212) 410-7444, subscribed in the name of Theresa Ferrara and located at 420 East] ] 5th Street, 3rd floor, apartment 3, County *of* New York, State *of* New Yark; and the interception of certain telephonic and electronic communications occurring over the cellular telephone line and instrument currently assigned telephone number (917) 723-3915, bearing electronic serial number 24701129589, and billed to John Berlingieri at 420 East

**115th** Street, 3rd floor, County of New York, State of New York. This Warrant was based upon the application ofGoorge B. Quinlan, Deputy Attorney General In-Charge ofthe Organized Crime Task Force sworn to on September 6, 2000. This application and the affidavits submitted in support thereof, along with Justice Nardelli's Orders, is on file with the Court and is incorporated herein by

reference and made part of this application.

14. Justice Nardelli also signed an order authorizing the attachment, installation, and use of a pen register and trap and trace (Caller 10) device on the cellular telephone line and instrument currently assigned telephone number (917) 723-3915, bearing electronic &crial number 24701129589, and bi11ed to John Berlingieri at 420 East 115th Street, 3rd floor, County of New York, State of New York. Justice Nardelli's Orders, and the affidavits submitted in support thereof,

are on file with the Court and is incorporated herein by reference and made part ofthis application.

15. On that same day, September 7,2000, the Honorable Sondra Miller, Justice of the Supreme Court of the State of New York, Appellate Division, Second Department, signed an Extended Eavesdropping Warrant authorizing the continued interception of certain telephonic and electronic communications occurring over the telephone lines and instruments currently assigned

T

the following telephone numbers: (914) 443-8182, with electronic serial number 17904462477, subscribed in the name of Anthony Colombo and billed to Philip Dioguardi at 2 East Main Street, Number 4, Town of Middletown; (914) 496-6506, listed to Lucille Colombo and located at 51 Horton Road, Village of Washingtonville, Town of Blooming Grove; and (914) 343-3313, listed to Philip Dioguardi and located at 2 East Main Street, Town of Middletown. This Warrant was based upon the application of George B. Quinlan, Deputy Attorney General In-Charge of the Organized Crime Task Force sworn to on September 6, 2000. This application and the affidavits submitted in support thereof, along with Justice Miller's Orders, is on file with the Court and is incorporated herein by reference and made part of this application. Moreover, this application and the affidavits in support thereof, was predicated upon the same facts as the Eavesdropping Warrant detailed in paragraph 13, above.

16. On October 5, 2000, the Honorable Sondra Miller, Justice of the Supreme Court of the State of New York, Appellate Division, Second Department, signed an Extended and Amended Eavesdropping Warrant authorizing the continued interception and recording of certain telephonic and electronic commW1ications occurring over the telephone lines and instruments currently assigned the following telephone numbers: (914) 443-8182, bearing electronic serial number 17904462477, subscribed in the name of Anthony Colombo and bi11ed in the name of Philip Dioguardi, 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York; (914) 496-6506, subscribed in the name of Luci11e Colombo and located at 51 Horton Road, Village of Washingtonvi11e, Town of Blooming Grove, County of Orange, State of New York; and (914) 343- 3313, subscribed in the name of Philip Dioguardi and located at 2 East Main Street, Number 4, Town of Middletown, County of Orange, State of New York; and the interception and recording of certain telephonic and electronic communications occuning over the cellular telephone line and instrument

currently assigned telephone number (914) 755-2725, with International Mobile Equipment Identification number 000501938108100 and the digital display paging device and associated voice mail box currently assigned telephone number (917) 998-3976, with Cap Code 0214960 and Handle A29-0214960. This Warrant was based upon the application of George B. Quinlan, Deputy Attorney General In-Charge of the Organized Crime Task Force sworn to on October 4, 2000. This application and the affidavits submitted in support thereof, along with Justice Miller's Orders, is on file with the Court and is incorporated herein by reference and made part of this application.

17. Justice Miller also signed an order authorizing the attachment, installation, and use of pen registers and trap and trace (Caller m) devices on the cellular telephone line and instrument currently assigned telephone number (914) 755-2725, with International Mobile Equipment Identification number 000501938108100, and the digital display paging device and associated voice mail box currently assigned telephone number (917) 998-3976, with Cap Code 0214960 and Handle A29-0214960, and the cellular telephone line and instrument currently assigned telephone number (914) 755-2724, with International Mobile Equipment Identification number 000502309106100. Justice Miller's Orders, and the affidavits submitted in support thereof, are on file with the Court and is incorporated herein by reference and made part of this application.

18. On that same date, October 5, 2000, the Honorable David Friedman, Justice of the Appellate Division, First Department, signed an Extended and Amended Eavesdropping Warrant authorizing the continued interception of certain telephonic and electronic communications occurring over the telephone lines and instruments currently assigned telephone numbers: (212) 410-7444. subscribed in the name of Theresa Ferrara and located at 420 East 115th Street, 3rd floor, apartment 3, County of New York, State of New York; (917) 723-3915, bearing electronic serial number 24701129589, and bi1led to John Beriingieri at 420 East 115th Street, 3rd floor, County of New

York, State of New York; and the interception and recording of certain telephonic and electronic communications occurring over the telephone line and instrument currently assigned telephone number (212) 876-3651, subscribed in the name of Mary Peters and located at 333 East 116th Street, County of New York, State of New York. This Warrant was based upon the application of George B. Quinlan, Deputy Attorney Genera] In-Charge of the Organized Crime Task Force sworn to on October 4, 2000. This application and the affidavits submitted in support thereof, along with Justice

Friedman's Orders, is on file with the Court and is incorporated herein by reference and made part of this application. Moreover, this application and the affidavits in support thereof, was predicated upon the Sfu.J1e facts as the Eavesdropping Warrant detailed in paragraph 16, above.

19. Justice Friedman also signed an order authorizing the continued attachment, installation, and use ofa pen register and trap and trace (Caller ID) device on the telephone line and instrument cUITently assigned telephone number (212) 410-7444, subscribed in the Dame of Theresa Ferrara and located at 420 East II 5th Street, 3rd floor, apartment 3, County of New York, State of New York; and the attachment, installation, and use of pen registers and trap and trace (Caller ID) devices on the telephone lines and instruments currently assigned the following telephone numbers: (212) 876-3651, (212) 876-3253, (212) 876-3507, (212) 876-3369, and (212) 876-3652, subscribed in the name of Mary Peters at 333 East 116th Street, County of New York, State of New York; (212) 427-5258, (212) 427-5307, (212) 427-5323, (212) 427-5330, and (212) 427-3905, subscribed in the name of Blair Robinson at 2288 1st Avenue, apartment *4A,* County of New York, State of New York; and the digital display paging device currently assigned telephone number (917) 243- 7209, with Cap Code E4300428.1 Justice Friedman's Orders, and the affidavits submitted in

---

ı Due to technical difficulties, TSR Wireless was not able to provide data for this digital display paging device without an eavesdropping warrant.

support thereof, are on file with the Court and is incorporated herein by reference and made part of this application.

20. For the purpose of the instant Application, I incorporate herein by reference the Orders for Pen Registers and Trap and Trace Devices, dated May 1, 2000, June 15, 2000, September 7, 2000, and October 5,2000, the Pen Register and Trap and Trace Device Extension Orders, dated, June 29, 2000, August 11, 2000, August 25, 2000, and October 5, 2000, tbe Eavesdropping Warrants, dated August 9, 2000, September 7, 2000, and October 5, 2000, and a11 affidavits submitted in support of their issuance as if they were fully set forth at length below.

21. The specific facts which are the basis of the reasonable suspicion tbat the above- mentioned designated crimes have been committed, are being committed, or are about to be committed, and which demonstrate that the information likely to be obtained by the use and continued use of said pen registers and trap and trace devices (CalIer ID) is or will be relevant to an ongoing criminal investigation of said designated crimes are included immediately below.

22. For a detailed discussion of the above-captioned telephone lines and instruments currently assigned telephone numbers (914) 443-8182, (914) 496-6506, (914) 496-8201, and (914) 343-3313, for the time period beginning August 25, 2000, and ending September 6,2000, see the incorporated affidavit of Investigator Joseph McCabe, submitted in support of an Extended Eavesdropping Warrant. sworn to on September 6, 2000. For a detailed discussion of these four telephone lines and instruments for the time period beginning September 7, 2000, and ending October 5, 2000. see the incorporated affidavit ofInvestigator Joseph McCabe, submitted in support of an Extended and Amended Eavesdropping Warrant, sworn to on October 5. 2000. These affidavits reveal that the above-captioned telephone lines and instruments, assigned telephone numbers (914) 443-8182, (914) 496-6506, (914) 496-8201, and (914) 343-3313, have continued to

be in ITequent and consistent contact with one another as well as with other individuals and businesses involved in this gambling enterprise, and that conversations over these telephone lines and instruments reveal that the targets of this investigation continue to engage in gambling related conversation. Moreover, Investigator McCabe infonns me that since October 5, 2000, the targets have continued to use these telephone lines and instruments to engage in gambling related conversations.

23. For example, during the period ITom August 23, 2000, to the present, approximately 62 calls were noted between the Christopher Colombo home phone and the Anthony Colombo home phone, 49 ~tween the Christopher Colombo home phone and the Philip Dioguardi cell phone, 14 between the Christopher Colombo home phone and the Philip Dioguardi home phone and three between the Christopher Colombo home phone and the John Ferrara home phone. The Philip Dioguardi cell phone also stayed in contact with the targets of this investigation. For example, 30 calls were noted between the Dioguardi cell phone and the Anthony Colombo home phone, 60 calls between the Dioguardi cell phone and the Ferrara home phone, two calls between the Dioguardi cell phone and the Berlingieri cell phone, 30 calls between the Dioguardi cell phone and the Christopher Colombo cell phone and five calls between the Dioguardi cell phone and the cell phone of Bobby LNU.

24. Moreover, the Anthony Colombo home phone remained in contact with the Philip Dioguardi home phone. Nine calls were noted between the two numbers during this period. Moreover, six calls were noted between the Anthony Colombo home phone and the Leo Caldera phone number, (914) 496-4563. Another two calls were noted between the Anthony Colombo home phone and the home phone of Eddie Robinson. 31 calls were noted between the Anthony Colombo home phone and the EDP Construction cell phone, (917) 337-5357. Five more calls were recorded

between the Anthony Colombo home phone and the John Contino telephone line, (718) 987-4551. The Anthony Colombo home phone was also in contact with the Randy Margulies telephone line, (718) 299-2242.

25. There was noted telephone contact between the Ferrara home phone, the Christopher Colombo cell phone and the Bobby LNU cell phone with the Bobby LNU pre-paid cell phone during this period. The Randy Margulies/Sarbens phones remained in contact with not only Anthony Colombo, but the Christopher Colombo home phone ten times, the Philip Dioguardi cell phone 24 times, the Philip Dioguardi home phone four times, the Ferrara home phone 30 times, and the Christopher Colombo cell phone five times. Similarly, the Leo Caldera telephone line had contact with the Christopher Colombo home and cell phone, Dioguardi home and cell phone, as well as the Anthony Colombo home phone. The Eddie Robinson phone had contact with the Christopher Colombo home phone as well as both Dioguardi phones and the EDP Construction phones also had contact with Anthony Colombo, Christopher Colombo's home phone, and the two Philip Dioguardi telephones. Finally, Anthony "Ants" Sedia's telephone, (718) 518-7031, was in contact with the Ferrara home phone six times and the Dioguardi cell phone three times during this period.

26. For a detailed discussion of the recent usage of the above-captioned telephone line and instrument currently assigned telephone number (914) 473-2900, listed to Broad Options The Gold Depot, see the incoIporated affidavit ofInvestigator Joseph McCabe, submitted in support of an Amended Eavesdropping Warrant, sworn to on October 19, 2000, which reveals telephonic contact between this telephone line and the cell phone of Christopher Colombo, in which the conversation relates to Criminal Usury in the Second Degree. I am informed by Investigator McCabe that a review of telephone toll records reveals contact between this telephone line and the home telephone line of Chris Colombo, the Philip Dioguardi cell phone and the original Christopher

Colombo cell phone, during the last twelve months. This reveals, in Investigator McCabe's opinion, that the business relationship between Colombo and Broad Options is a steady one.

27. I am informed by Investigator McCabe that based upon his years of experience and expertise in the area of gambling-related crimes, and based upon surveillance and telephone analysis in this case, it is his opinion that Christopher Colombo, Anthony Colombo, Philip Dioguardi, and John Ferrara make a living out of gambling-related activities. Therefore, reasonable suspicion exists that the above-mentioned telephone lines and instruments, currently assigned telephone numbers (914) 443-8182, (914) 496-6506, (914) 496-8201, and (914) 343-3313, are being used to further gambling transactions.

28. I am informed by Investigator McCabe lhat based upon his discussions with Deputy ChiefInvestigator Joseph Rauchet of the Organized Crime Task Force, it is his opinion based on his years of experience and expertise in the area of loansharking-related crimes, and based upon surveillance and telephone analysis in this case, that Christopher Colombo and Joseph Flaccavento make a living out ofloansharking-related activities. Therefore, reasonable suspicion exists that the above-mentioned telephone line and instrument currently assigned telephone number (914) 473- 2900, is being used to further loansharking transactions.

29. Based on the foregoing there is reasonable suspicion to believe that Christopher Colombo, Anthony Colombo, Philip Dioguardi, John Ferrara, Joseph Flaccavento, their agents, accomplices, co-conspirators, and others as yet unknown have committed, are committing, and are about to commit the crimes of Promoting Gambling in the First and Second Degrees; Possession of Gambling Records in the First and Second Degrees; Criminal Usury in the Second Degree; and Conspiracy to commit these crimes, in violation of Articles 225, 190, and 105 of the Penal Law of the State of New York, and that infonnation likely to be obtained by the use and continued use of

pen registers and trap and trace (Caller ill) devices on the above-mentioned telephone lines and instruments will be relevant to the ongoing criminal investigation of these crimes.

30. I have been infonned by Terry Wi11iams, Director ofthe Technical Services Unit of the New York State Organized Crime Task Force that the pen register and trap and trace equipment has the capability of being upgraded to provide Caller ill service on the above-mentioned telephone lines. This Caller ill service acts as a trap and trace device which captures the incoming electronic or other impulses which identify the originating number of an instrument or device from which an electronic communication was transmitted. Put more simply, the Caller ill service allows us to identify the telephone number from which the incoming call originates. This Caller ID service will work provided the subscriber or the telephone ITom which the incoming call was transmitted has not ordered his telephone company to block his telephone number trom being identified through Caller ill. Given the facts as outlined abovc, the use of Caller ID, with a geographic limit of the continental United States on the above-captioned telephone lines is vital to obtaining the identifying location of subjects of this investigation.

31. The authorization for the use and continued use of the above-mentioned pen registers and trap and trace (Caller ill) devices is required for a period of sixty (60) days, to expire on Sunday, December 17, 2000.

32. I request this Court to direct the agents and employees of Frontier Communications, Citizens Telecom, Cel1Co Partnership doing business asVerizon Wireless, and Verizon, to furnish the New York State Organized Crime Task Force forthwith all information, facilities, and teclmical assistance necessary to accomplish the use and continued use of the pen registers and trap and trace

(Caller m) devices unobtrusively and with a minimum of interference with the service accorded the parties with respect to whom the use and continued use is to take place, including but not limited to,

providing the cable, pair, appearance, and binding post infonnation to the New York State Organized Crime Task Force, or its agents and designees.

33. 1 further request that said order the above-mentioned telephone companies, Frontier Communications, Citizens Telecom, CellCo Partnership doing business asVerizon Wireless, and Verizon, to examine the above-mentioned telephone lines and determine if they are equipped with a caller identification feature (Caller ill), as is supplied to retail customers. If said telephone lines are not equipped with a Caller ID feature, Frontier Communications, Citizens Telecom, CellCo Partnership doing business asVerizon Wireless, and Verizon, are to add to the existing services the Caller ill feature, if available, with no record of said service going to the telephone subscribers. Frontier Communications, Citizens Telecom, CellCo Partnership doing business asVerizon Wireless, and Verizon, shall be compensated by the applicant for any additional expense of installing the Caller ill feature and shall take all necessary steps to see that the addition of said feature or any activity relating to said feature shall not be reflected on the customers' bills, or in any other way be disclosed to the customers.

34. 1 further request this Court to direct Frontier Communications, Citizens Telecom, CellCo Partnership doing business asVerizon Wireless, and Verizon, not to disclose the existence of the pen registers and trap and trace (Caller ID) devices being sought by this application or the existence of the aforementioned investigation to the listed subscribers, or to any other persons, unless or until otherwise ordered by this Court.

35. I further request this Court to issue a separate order, in the fonn and manner submitted to this Court as part of this application for said pen registers and trap and trace (Caller ill) devices, directed solely to Frontier Communications, Citizens Telecom, CellCo Partnership doing business asVerizon Wireless, and Verizon, and concealing the identities of the subjects and

designated crimes relevant to the aforementioned investigation and this application for said pen registers and trap and trace (Caller ID) devices. This request is made to further insure the continuing secrecy of this investigation.

36. Other than the Orders for Pen Registers and Trap and Trace Devices, dated May 1, 2000, June 15,2000, September 7,2000, and October 5, 2000, the Pen Register and Trap and Trace Device Extension Orders, dated, June 29, 2000, August] 1, 2000, August 25, 2000, and October 5, 2000, the Eavesdropping Warrants, dated August 9,2000, September 7, 2000, and October 5, 2000, and all affidavits submitted in support of their issuance, and what is mentioned in said applications, and tbe contents of the above~rnentioned application for the use and continued use of the above~ mentioned pen registers and trap and trace (Caller ID) devices, no previous application has been made for an order authorizing the attachment, installation, use, or continued use of pen registers and trap and trace (Caller ID) devices involving any of the same persons or facilities specified in this application.

Meryt A. Lutsky
Assistant Deputy Attorney General

Sworn to before me this
**19th** day of October, 2000

~O q ~
**NOTARY PUBLIC '**

M.nRY A. MILLS
~)~lt3ry Public, Stare of New York No. 4755324.
Qualified in Putnam County Cnmmission
Expires September 30,                   .Q.,~,..,::.~