```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

         -v-                       :        04 Cr. 273 (NRB)

ANTHONY COLOMBO,                   :
CHRISTOPHER COLOMBO,
JOHN BERLINGIERI,                  :
    a/k/a "John Ferrara,"
    a/k/a "Mary Peters,"           :
    a/k/a "Blair Robinson,"
    a/k/a "Frank Masters,"         :
    a/k/a "Paula Jetson,"
    a/k/a "Michael Contessa,"      :
JOSEPH FLACCAVENTO,
NUNZIO FLACCAVENTO, and            :
FRANCIS ALTIERI,
                                   :

           Defendants.             :

- - - - - - - - - - - - - - - - - -x
```

**THE GOVERNMENT'S PROPOSED
<u>EXAMINATION OF PROSPECTIVE JURORS</u>**

```
                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                              of America

LISA A. BARONI
JASON P.W. HALPERIN
Assistant United States Attorneys

     - Of Counsel -
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

          -v-                     :
                                            04 Cr. 273 (NRB)
ANTHONY COLOMBO,                  :
CHRISTOPHER COLOMBO,
JOHN BERLINGIERI,                 :
    a/k/a "John Ferrara,"
    a/k/a "Mary Peters,"          :
    a/k/a "Blair Robinson,"
    a/k/a "Frank Masters,"        :
    a/k/a "Paula Jetson,"
    a/k/a "Michael Contessa,"     :
JOSEPH FLACCAVENTO,
NUNZIO FLACCAVENTO, and           :
FRANCIS ALTIERI,
                                  :
          Defendants.             :

                                  :
- - - - - - - - - - - - - - - - - -x
```

## THE GOVERNMENT'S PROPOSED
## <u>EXAMINATION OF PROSPECTIVE JURORS</u>

The Government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a particular juror's answer reveals that further inquiry is appropriate and, in such instances, to conclude with an inquiry as to whether the particular fact or circumstance would affect the juror's ability

to render a fair and impartial verdict, or influence the juror in favor of or against either the Government or the defendant.

## **PRELIMINARY INSTRUCTIONS**

Upon your oath or affirmation, you must give true and complete answers to all questions that I ask. These questions are not meant to ask unnecessarily about personal matters. Rather, these questions will help the Court determine whether you can be fair and impartial in deciding this case and will also provide information about you as a juror to help the parties select a jury. Part of the selection process depends on your ability and promise to follow the law as it is explained by the Court. Thus, some of the questions include descriptions of legal principles and ask whether you can conscientiously follow them.

## **SUMMARY OF THE CHARGES**

The case involves criminal charges against six defendants, ANTHONY COLOMBO, CHRISTOPHER COLOMBO, JOHN BERLINGIERI, JOSEPH FLACCAVENTO, NUNZIO FLACCAVENTO, and FRANCIS ALTIERI. The charges include allegations of racketeering, conspiracy, operating an illegal gambling business, loansharking, extortion, commercial bribery, and mail fraud.

The racketeering enterprise of which the defendant ANTHONY COLOMBO was allegedly a member is the Colombo Organized Crime Family of La Cosa Nostra (the "Colombo Crime Family"). The defendants ANTHONY COLOMBO, CHRISTOPHER COLOMBO, JOHN

BERLINGIERI, and JOSEPH FLACCAVENTO, were allegedly members of the Colombo Brothers Crew, an off-shoot of the Colombo Crime Family.

The defendants have pleaded not guilty to these charges. Keep in mind that the indictment is not evidence. It merely contains formal accusations. The Government has the burden of producing evidence sufficient to prove a defendant's guilt beyond a reasonable doubt. The defendant is presumed innocent.

## ABILITY TO UNDERSTAND PROCEEDINGS

1. Do you have any difficulty reading or understanding English?

2. What other languages, if any, do you read or understand?

3. Do you have any physical problem (for example, sight or hearing) or emotional problem that would interfere with your ability to serve?

4. Do you currently visit with a doctor or other medical professional on a regular basis?

## ABILITY TO BE FAIR AND IMPARTIAL

5. Do you or does a relative or close friend work for or with any federal, state or local law enforcement agency, such as the FBI, police or sheriff's department, district attorney's office, or United States Attorney's Office?

    (A) If <u>yes</u>, please explain, and would that in any way affect your ability to be fair and impartial in this case?

 6. Do you or any of your relatives or close friends work for a criminal lawyer or private investigator?

    (A) If <u>yes</u>, please explain, and would that in any way affect your ability to be fair and impartial in this case?

 7. Are you or do you have any close relatives or friends who are judges, law clerks, court attendants, court clerks, other types of court personnel, probation officers, or persons connected with any correctional institution, jail or penitentiary?

    (A) If <u>yes</u>, please explain, and would that in any way affect your ability to be fair and impartial in this case?

 8. Have you or has a family member or close friend ever been a witness to or the victim of a crime?

    (A) If <u>yes</u>, please explain, and is there anything about this experience that would make it difficult for you to evaluate the evidence fairly and impartially in accordance with the Court's instructions?

 9. Have you ever appeared or testified as a witness in any investigation or legal proceeding?

    (A) If <u>yes</u>, please explain, and is there anything about this experience that would make it difficult for you to

evaluate the evidence fairly and impartially in accordance with the Court's instructions?

    10.  Are you, or is anyone close to you, including family or friends, now under subpoena or about to be subpoenaed in any criminal case?

    (A)  If <u>yes</u>, please explain, and is there anything about this experience that would make it difficult for you to evaluate the evidence fairly and impartially in accordance with the Court's instructions?

    11.  Have you ever been involved, or do you expect to become involved, in any legal action or dispute with the United States or any agency, officer, or employee of the United States, or have you had any financial interest in such a dispute?

    (A)  If <u>yes</u>, please explain, and is there anything about this experience that would make it difficult for you to sit as a fair and impartial juror in this case?

    12.  Have you or has a family member or close friend ever been involved in or the target of a criminal investigation?

    (A)  If <u>yes</u>, please explain, and is there anything about this experience that would make it difficult for you to sit as a fair and impartial juror in this case?

    13.  In the past ten years, have you or an immediate family member ever been a member of any group that lobbies or

takes public positions on social or legal issues (for example, the right to bear firearms/gun control)?

        (A)  If <u>yes</u> please explain, and would that experience prevent you from evaluating the evidence presented in this case in a fair and impartial manner?

    14.  Have you, a family member, or close friend ever attended law school or been a lawyer?

        (A)  Do you have any opinions about lawyers or law school that would make it difficult for you to render a fair and impartial verdict?

    15.  Have you or a family member ever had business dealings with a federal, state or city government or any of their agencies?

        (A)  If <u>yes</u>, please explain, and is there anything about those experiences that would interfere with your ability to render a fair and impartial verdict in this case?

    16.  Have you or a family member ever been associated with any labor union?

        (A)  If <u>yes</u>, please identify which union, and whether there is there anything about this experience that would interfere with your ability to render a fair and impartial verdict in this case?

**KNOWLEDGE OF TRIAL PARTICIPANTS**

17.  This case is being prosecuted by the United States Attorney's Office for the Southern District of New York.  The United States Attorney for this District is Michael J. Garcia.  Do you or does any relative or friend know or have any connection with Michael Garcia or anyone associated with his office?

18.  Do you or does any relative or close friend know or have any connection with any of the following prosecutors, or their relatives or friends?

        (A)   Lisa Baroni

        (B)   Jason Halperin

        (C)   Mia Munro (paralegal)

19.  Do you or does any relative or close friend know or have any connection to the following law enforcement officers or their relatives or friends?

        (A)   Michael Pollice, FBI agent

        (B)   Natale Parisi, FBI agent

        (C)   Joseph Della Penna, U.S. Labor Dept. agent

        (D)   Joseph McCabe, New York State Police

        (E)   Anthony Vanturini, New York State Police

20.  Do you or does any relative or close friend know or have any connection to the defendants in this case, ANTHONY COLOMBO, CHRISTOPHER COLOMBO, JOHN BERLINGIERI, JOSEPH

FLACCAVENTO, NUNZIO FLACCAVENTO, and FRANCIS ALTIERI, or their relatives or friends?

      21.   In this case, ANTHONY COLOMBO is represented by Louis Fasulo, Esq. and Aaron Goldsmith, Esq.  CHRISTOPHER COLOMBO is represented by Jeremy Schneider, Esq. and Annie Cantor, Esq.  JOHN BERLINGIERI is represented by Marion Seltzer, Esq.  JOSEPH FLACCAVENTO is represented by Louis Aidala, Esq.  NUNZIO FLACCAVENTO is represented by Ira London, Esq. and Avrom Robin, Esq.  FRANCIS ALTIERI is represented by William Cagney, Esq.  Do you or does any relative or close friend know or have any connection with any of these attorneys or their relatives or friends?

      22.   If you have seen, heard or read about any of the prosecutors, lawyers, law enforcement officers, or the defendants, is there anything about what you've read that would prevent you from rendering a fair and impartial verdict in this case?

      23.   You may hear testimony from or about the following people during the trial. Please tell me if you have any personal knowledge about any of these individuals. **[List to be provided]**.

      24.   You may hear testimony about the following entities and locations during the trial.  Please tell me if you have any personal knowledge about any of these entities or locations. **[List to be provided]**.

**NATURE OF CHARGES**

25. The Indictment charges the defendants with being members or associates of an organization known as the mafia or "La Cosa Nostra." Do you any of you have strong feelings or personal knowledge about organized crime families, "La Cosa Nostra," or "Mafia"?

   (A) If yes, please explain, and tell me whether that fact makes it difficult for you to render a fair and impartial verdict?

26. Have you seen, heard or read anything (including books, magazines, movies, or television) about alleged associations referred to as "organized crime," the "Colombo Crime Family," the "Mafia," or "La Cosa Nostra"?

   (A) If yes, please identify any books, magazines or newspapers you have read or any movies, or TV shows that you have seen depicting "organized crime," the "Colombo Crime Family," the "Mafia" or "La Cosa Nostra."

27. Do you, your relatives or close friends know anyone, or ever had contact with anyone, reputed to have ties to organized crime?

   (A) If yes, please explain the nature of the relationship, and tell me whether that fact makes it difficult for you to render a fair and impartial verdict?

28. Would listening to testimony about racketeering, conspiracy, operating an illegal gambling business, loansharking, extortion, commercial bribery, and mail fraud, affect your ability to consider the evidence fairly and impartially in accordance with the instructions of the Court?

29. Do you have any feelings, bias, sympathy, or prejudice with reference to the defendants that would make it difficult for you to render a fair and impartial judgment based solely on the evidence presented at trial?

30. Do you have any feelings, bias, sympathy, or prejudice with reference to the government that would make it difficult for you to render a fair and impartial judgment based solely on the evidence presented at trial?

31. Do you have any religious, philosophical, moral or other belief that might make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

32. Is there anything of which you are aware, or is there anything about the nature of the charges as they have been explained to you thus far, that would affect your ability to be a fair and impartial juror in this case?

**PRIOR JURY SERVICE**

33. Have you ever been a juror in a civil or criminal case or served on a grand jury, state or federal?

    (A) If <u>yes</u>, what type of case was it? When was it? Did you deliberate, and did the jury reach a verdict?

**LEGAL INSTRUCTIONS**

34.  Every defendant is presumed innocent and cannot be convicted unless the jury, unanimously and based solely on the evidence in this case, decides that his guilt has been proven beyond a reasonable doubt.  The burden of proving guilt rests entirely with the government.  The defendants have no burden of proof at all.  Would any of you have any difficulty following these rules?

35.  In this case, the defendants are charged with a number of separate crimes.  Under the law, you must consider each alleged crime separately and you must find each defendant not guilty of each count unless the evidence that has been presented in court proves each defendant guilty on that count beyond a reasonable doubt.  Would any of you have any difficulty following this rule?

36.  The burden of proof in a criminal case is greater than in a civil case.  As explained above, in a criminal case the government must prove beyond a reasonable doubt that a defendant committed a crime.  In a civil case, the person bringing the law suit (the plaintiff) must show only that it is more likely than not that he/she is entitled to relief.  Thus, in a civil case the test is "more likely than not" while, in a criminal case, it is "beyond a reasonable doubt."  Do you understand that the burden of proof in a criminal case is greater than that in a civil case?

37. Under the law, a defendant need not testify in his own defense. If a defendant does not testify, the jury may not consider that fact in any way in reaching a decision as to whether a defendant is guilty or not guilty. Will you have any difficulty following this rule of law?

38. Some witnesses in this case will be law enforcement officers. Do you have any strong feelings, impressions, or opinions that would prevent you from evaluating the testimony of a law enforcement officer fairly and impartially?

39. A law enforcement witness's testimony is not to be given any more or less credence than any other witness's testimony. Would you be able to follow the Court's instructions in this regard?

40. Some of the evidence in this trial will consist of photographs taken of some of the defendants by law enforcement officials. The evidence will also include recordings of telephone and other conversations of some of the defendants and others intercepted by law enforcement officials pursuant to court authorization, and/or pursuant to the consent of one of the participants in the conversation. These investigative techniques are lawful and you may properly consider the evidence obtained in this manner. Would you be able to follow the Court's instructions in this regard?

41. The evidence in this trial will also consist of the testimony of an undercover law enforcement agent, who made recordings of some of the defendants. These investigative techniques are lawful and you may properly consider the evidence obtained in this manner. Would you be able to follow the Court's instructions in this regard?

42. Some of the witnesses called by the government may have past criminal convictions, or may have been involved in some of the crimes charged in the indictment. These witnesses have pled guilty and are testifying pursuant to lawful cooperation agreements with the government. Some of these witnesses may be hoping that their cooperation will result in a reduced sentence or some other benefit. There is nothing unlawful about the government's use of such witnesses. Do any of you have problems with this type of witness such that you may be unable to be fair and impartial?

43. This case may receive attention in the media. Will you accept the proposition that the only evidence you should consider is the evidence received in this courtroom and that you are to ignore any statements made by the media, which may be inaccurate?

44. Under the law, the facts are for the jury to determine and the law is for the judge to determine. You are required to accept the law as I explain it to you even if you do not like the law or disagree with it, and you must determine the

facts according to those instructions. Do any of you have any personal beliefs about what the law is or should be that would make it difficult to follow my legal instructions, whatever they may be?

45. Under the law, the question of punishment, if any, is for the Judge alone to decide. The question of punishment, if any, should not enter into your deliberations on whether the government has proven the defendant guilty beyond a reasonable doubt as to any of the charges contained in the indictment. Would any of you have any difficulty following this rule?

46. Under the law, emotions such as sympathy, bias and prejudice must not enter into the deliberations of the jurors as to whether the guilt of the defendant has been proven beyond a reasonable doubt. Would you have any difficulty following this rule?

47. Is there any other matter that you should call to the Court's attention that may have any bearing on your qualifications as a juror or that may affect your ability to render an impartial verdict based solely on the evidence and the Court's instructions on the law?

### JURORS' BACKGROUND

1. How old are you?
2. Where were you born?
3. What is your marital status?
4. What borough or county do you live in?

     5.    Do you own or rent?

     6.    What other areas or neighborhoods have you lived in over the past 10 years?

     7.    Do you work outside of the home?

        (A)  If yes, without indicating the company or organization you work for, what is the general nature of your employment?  How long have you worked at your present job?  What did you do prior to your current job?

        (B)  If you are retired, what did you do prior to retiring?

     8.    If you are married, does your spouse work outside of the home?

        (A)  If yes, what is the general nature of his/her employment?  How long has he/she worked at that job?  What did he/she do prior to the current job?

     9.    Do you have children?

        (A)  If yes, how old are they?  What is the general nature of their employment, if any?

     10.   How far did you go in school?

        (A)  If you earned a degree after high school, what was your major area(s) of study?

     11.   If you are married, what level of education did your spouse complete and what area did he/she primarily study?

     12.   Were you ever in the military service?

           (A)   If yes, when?   What branch?   What was the highest rank you achieved?

    13.   What newspapers or magazines do you read regularly?

    14.   Approximately how many hours of television do you watch per week and what do you watch?

    15.   What hobbies or special interests do you have?

    16.   Are you a member of any civic, social, religious, charitable or other organizations?

### INSTRUCTIONS FOLLOWING IMPANELING JURY

From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  It is your duty not to discuss this case among yourselves or with others, or to permit others to speak to you about this case.  This rule about not discussing the case with others includes even with members of your own family, and your friends.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys, the defendants, and the witnesses in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and

should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

Dated:    New York, New York
          December 11, 2006

                                    Respectfully submitted,

                                    MICHAEL J. GARCIA
                                    United States Attorney for the
                                    Southern District of New York
                                    Attorney for the United States
                                         of America


                              By:   _____
                                    LISA A. BARONI
                                    JASON P.W. HALPERIN
                                    Assistant United States Attorneys
                                    (212) 637-2405/2643